1  PHILLIP A. TALBERT
   United States Attorney
2  ROBERT C. ABENDROTH
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8              IN THE UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,            | CASE NO. 2:22-CR-00139 JAM
12 |                         Plaintiff,   | STIPULATION AND JOINT REQUEST FOR
   |                                      | PROTECTIVE ORDER; [PROPOSED]
13 |                 v.                   | PROTECTIVE ORDER
14 | JOSE ALBERTO DIMAS-CAMPOS,
15 |                         Defendant.
16

17                    **I.     STIPULATION**

18       1.      Plaintiff United States of America, by and through its counsel of record, and defendant

19 Jose Alberto Dimas-Campos, by and through his counsel of record ("Defendant" and "Defense

20 Counsel"), for the reasons set forth below, hereby stipulate, agree, and jointly request that the Court

21 enter a Protective Order in this case restricting the use and dissemination of certain materials that could

22 identify undercover agents and/or confidential sources.

23       2.      This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of

24 Criminal Procedure, Local Rule 141.1, and its general supervisory authority.

25       3.      On July 26, 2022, the Grand Jury returned an indictment charging Defendant with

26 conspiracy to distribute and to possess with intent to methamphetamine, in violation of 21 U.S.C. §§

27 846, 841(a)(1) (Count One), and use of a facility of interstate commerce in aid of racketeering, in

28 violation of 18 U.S.C. § 1952(a)(3) (Count Two).  On August 12, 2022, the Defendant made his initial

appearance on the indictment.  Currently, there is a warrant outstanding for the arrest of a co-defendant charged by the indictment who has yet to make an appearance and remains a fugitive.

4. The government has tendered to the Defendant a discovery package consisting of various discovery materials.  Not included within that discovery package are materials in the government's possession consisting of audio recordings, video recordings, and photographs depicting and documenting controlled purchases by undercover agents and cooperating informants ("the recordings").  Although the government has not provided duplicate copies of the recordings, the government has made the recordings available for inspection but not duplication.  The government has not provided duplicate copies of the recordings because the recordings, if disseminated, could be used to identify undercover officers and cooperating informants.  Now, the government seeks to provide copies of the recordings to Defense Counsel.  The government seeks to do so to aid Defense Counsel and the Defendant in the logistics of reviewing the recordings and to promote a prompt and just resolution of the case.

5. If the Court grants this stipulation and request, the government intends to produce duplicate copies to Defense Counsel of the recordings.  Hereinafter the recordings will be referred to as "the Protected Materials" and subject to the Court's Protective Order, if issued.  The government will mark the Protected Materials to distinguish materials subject to the Court's Protective Order from the other discovery materials which are not subject to the Court's Protective Order.

6. The parties seek to establish the procedures that must be followed by Defense Counsel, any designated employees, and any other individual who receives access to the Protected Materials in this case and the information therein.

7. The government proposes that it produce duplicate copies of the Protected Materials to Defense Counsel by marking them as "Protected Materials," and by designating the discovery with the bates prefix, "DIMAS-CAMPOS_PM_."  The government further proposes that this discovery, and any subsequent material tendered by the government to Defense Counsel using the bates-prefix, shall be subject to the Court's Protective Order, if issued.  Additionally, the government and Defense Counsel request that the Court enter an order directing that the Protected Materials be handled pursuant to the following conditions:

/ / /

a. Defense Counsel shall not give the Protected Materials to any person other than Defense Counsel's staff assisting in preparation of the present case. The term "staff" shall include only attorneys, paralegals, legal assistants, retained experts, and investigators assisting Defense Counsel in the present matter. The term "staff" excludes the following: any other defendant in this matter or any other pending matter against the Defendant; any person involved in any case in which discovery concerning the Defendant is produced; and any other person other than those specifically authorized to see the Protected Materials under this paragraph.

b. Any person receiving access to the Protected Materials from Defense Counsel shall be bound by the same obligations as Defense Counsel and, further, may not share the Protected Materials with other persons who are not "staff" assisting in the defense.

c. No members of any of the Defendant's family, friends of the Defendant, personal or professional associates of the Defendant, or any other person affiliated with the Defendant shall be given access to the Protected Materials or contents thereof in any manner, for any reason.

d. Defense Counsel may make copies of the Protected Materials and may take written or typed notes summarizing the Protected Materials in connection with preparation of the case. If necessary to the litigation of the instant matter, Defense Counsel may also have audio or video forms of the Protected Materials transcribed. All notes, copies, duplicates, summaries, transcripts, or other representations of or concerning the information in the Protected Materials comprises "Protected Materials" itself, must be affixed with the corresponding bates numbers, and is subject to all terms of the Court's Protective Order.

e. Defense Counsel shall maintain a list of persons to whom the Protected Materials are being or have been given. Such persons shall be provided with a copy of the Court's Protective Order, shall sign their full names to a copy of the Court's Protective Order acknowledging that they understand its terms and are bound by it. If Defense Counsel is replaced for any reason, or if new counsel is appointed in any phase of the matter, the new counsel shall not have access to the Protected Materials until and unless they sign a copy of the Court's Protective Order, under the terms described in this paragraph.

/ / /

    f. Defense Counsel may use the Protected Materials in the defense of Defendant in the instant case in any manner necessary for effective representation (*i.e.*, in motions that are filed under seal, if necessary; in *ex-parte* applications as may be needed; and in reproducing and summarizing the Protected Materials for use in trial preparation summaries, exhibits, and as evidence, as may be needed), consistent with the Court's Protective Order as it shall be originally prepared and signed.

    g. In the event Defense Counsel needs to use the Protected Materials in a manner not authorized under the Court's Protective Order, Defense Counsel is entitled to seek to have the Protective Order amended by the Court, after having given notice to the government.

    h. Defense Counsel and any authorized members of Defense Counsel's staff are authorized to review with Defendant the contents of the Protected Materials.  Defense Counsel and authorized members of Defense Counsel's staff, however, are prohibited from giving Defendant the Protected Materials.  This prohibition will not extend to the Defendant viewing the Protected Materials under Defense Counsel's supervision or prohibit the use of the Protected Materials in open court should any of these materials or summaries thereof be used in the litigation of this case.

    i. Defense Counsel is authorized to show copies of the Protected Materials to potential witnesses in this case.  Defense Counsel is prohibited, however, from giving any potential witness the Protected Materials or any memorialization of the content of the Protected Materials, or allowing any potential witness to make a copy or in any way memorialize the contents of the Protected Materials.

[CONTINUED ON NEXT PAGE]

WHEREFORE, the government and the Defendant respectfully request that the Court enter an order, directing that the Protected Materials be handled pursuant to the restrictions outlined above.

Respectfully Submitted,

Dated:  October 14, 2022

PHILLIP A. TALBERT
United States Attorney

By:  /s/ *ROBERT C. ABENDROTH*
ROBERT C. ABENDROTH
Assistant United States Attorney

Attorney for the government

Dated:  October 14, 2022

/S/CLEMENTE M. JIMENEZ
CLEMENTE M. JIMENEZ
Counsel for Jose Alberto Dimas-Campos

## [PROPOSED] FINDINGS AND ORDER

The Court having read and considered the Stipulation and Joint Request for a Protective Order, which this Court incorporates by reference into this Order in full, hereby finds that GOOD CAUSE exists to enter the above Order.

IT IS SO FOUND AND ORDERED this 17th day of October, 2022.

THE HONORABLE JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE